Cynthia Nibbelink WORLEY and Haja Worley, Plaintiffs–Appellants,

v.

Rudolph GIULIANI, Mayor, NYC Department of Housing Preservation & Development, NYC Housing Partnership and Santa Fe Construction/Desmond Emanuel, CEO, Defendants–Appellees.

No. 00–9126.

United States Court of Appeals, Second Circuit.

May 17, 2001.

Cynthia Nibbelink Worley, New York, NY, pro se.

Alan Beckoff, Assistant Corporation Counsel; Michael D. Hess, Corporation Counsel of the City of New York, on the brief, New York, NY, for appellees Rudolph Giuliani and NYC Dep't of Housing Preservation & Development.

Paul H. Martinez, New York, NY, for appellees Santa Fe Constr., Desmond Emanuel, and NYC Housing P'Ship.

Present WINTER, STRAUB and POOLER, Circuit Judges.

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Plaintiffs–Appellants Cynthia Nibbelink Worley and Haja Worley (collectively the "Worleys"), *pro se*, appeal from a judgment entered in the United States District Court for the Southern District of New York (John E. Sprizzo, *Judge*), dismissing their complaint under Federal Rule of Civil Procedure 12(c). The Worleys filed a 42 U.S.C. § 1983 and State Environmental

Quality Review Act/New York City Environmental Quality Review ("SEQRA/CEQR") complaint against Rudolph Giuliani ("Giuliani"), the Mayor of the City of New York ("NYC" or "the City"); the NYC Department of Housing, Preservation and Development ("HPD"); the NYC Housing Partnership ("HP"); Santa Fe Construction Company ("Santa Fe"); and Santa Fe's Chief Executive Officer, Desmond Emanuel. The action involved a community garden located in Harlem, which was developed and cultivated on previously abandoned and vacant adjacent lots by an organization founded by the Worleys called "Project Harmony." The Worleys leased the land from the City, through the Parks and Recreation Office's "GreenThumb" program, from 1986 until 1996. In 1996, the Worleys were notified that the City intended to clear the gardens in order to construct housing units. The Worleys then filed this suit, claiming that the City's planned development of the land violates the Domestic Violence clause of Article IV of the United States Constitution, U.S. Const. art. IV, § 4, and the "open space ratio" contained in SEQRA/CEQR.

Defendants Giuliani and HPD (collectively "the municipal defendants") filed a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c), arguing, *inter alia*, that the Worleys lacked standing to litigate this matter under the Domestic Violence clause, and, further, that the open space ratio was simply a planning guide and did not provide a cause of action for citizens. The District Court granted the municipal defendants' motion for judgment on the pleadings, finding that the Worleys lacked standing to bring suit under either the Domestic Violence Clause or SEQRA/CEQR since they failed to allege any legally protected interest in the property at issue. The District Court also dismissed

the complaint against the remaining defendants. This timely appeal followed.

■■■■ This Court reviews questions of standing *de novo. See United States v. Cambio Exacto, S.A.*, 166 F.3d 522, 526 (2d Cir.1999). "Whether a claimant has standing is the threshold question in every federal case, determining the power of the court to entertain the suit." *Id.* (internal quotation marks omitted). The "irreducible constitutional minimum of standing requires: (1) that the plaintiff[s] have suffered an 'injury in fact'—an invasion of a judicially cognizable interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) that there be a causal connection between the injury and the conduct complained of—the injury must be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court; and (3) that it be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Bennett v. Spear*, 520 U.S. 154, 167, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997); *see also Lee v. Board of Governors of Fed. Reserve Sys.*, 118 F.3d 905, 910 (2d Cir.1997).

■■■ The District Court properly concluded that the Worleys lack standing to litigate this matter. *See New York Envtl. Justice Alliance v. Giuliani*, 50 F.Supp.2d 250, 254 (S.D.N.Y.1999) (holding that plaintiffs lacked standing to bring suit under SEQRA/CEQR because they failed to allege any property interest in the community gardens at issue), *aff'd on other grounds*, 214 F.3d 65 (2d Cir.2000). The Worleys have not established a "judicially cognizable interest," as their claims are based on the effect the absence of the garden will have on the area community. Such a claim presents an "abstract question[ ] of wide public significance" amount-

134

ing to a "generalized grievance" which courts should refrain from adjudicating. *Warth v. Seldin,* 422 U.S. 490, 499–500, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); *see Etuk v. Slattery,* 936 F.2d 1433, 1440 (2d Cir.1991).

We have considered all of the appellants' claims on appeal and find them to be without merit. Accordingly, we AFFIRM the judgment of the District Court.